IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR420-043 |
| ) | |
| MARVIN LOWE, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

Before the Court is Defendant Marvin Lowe's Motion to Withdraw Guilty Plea (Doc. 125), which the Government has joined (Doc. 126). After careful consideration, Defendant's motion (Doc. 125) is **GRANTED**.

## BACKGROUND

On May 20, 2020, Defendant was charged by indictment with four counts of possession with intent to distribute synthetic narcotics in violation of 21 U.S.C. § 841(a)(1); one count of possession of cocaine hydrochloride in violation of 21 U.S.C. § 844; one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 1 at 1-5.) On November 2, 2021, Defendant pleaded guilty to count one of the indictment. (Doc. 100.) Specifically, count one charged that on or about October 5, 2018, Defendant

possessed with the intent to distribute a substance containing a detectable amount of 5F-MDMB-PICA, a synthetic cannabinoid. (Doc. 1 at 1-2.)

Now, prior to being sentenced for this offence, Defendant moves the Court to withdraw his plea of guilty, arguing that 5F-MDMB-PICA was not listed as a controlled substance until January 2019, after the date of his arrest. (Doc. 125 at 2.) As a result, Defendant contends, the facts he pled guilty to in count one of the indictment did not constitute a crime, and his plea should be considered a nullity. (Id.) In response, the Government states that it agrees with the facts and the law contained in Defendant's motion and joins his request to withdraw the guilty plea. (Doc. 126.)

## ANALYSIS

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts a plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." In this case, the Court finds that Defendant's plea of guilty to facts that did not constitute a crime represents a fair and just reason for requesting a withdrawal. See United States v. Horne, 206 F. App'x 942, 944 (11th Cir. 2006) (per curiam) ("An indictment

suffers from a jurisdictional defect when it charges no crime at all, i.e., a non-offense." (citing <u>United States v. Peter</u>, 310 F.3d 709, 714-15 (11th Cir. 2002))). Accordingly, Defendant's motion to withdraw his plea of guilty (Doc. 125) is **GRANTED**. The parties are **DIRECTED** to inform the Court of how they intend to proceed with the case within **fourteen (14) days** of the date of this order.

SO ORDERED this 5th day of July 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA